**Abdauahmane MODY, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–3922.**

United States Court of Appeals, Sixth Circuit.

June 15, 2004.

E. Dennis Muchnicki, Dublin, OH, for Petitioner.

Papu Sandhu, William C. Minick, Linda S. Wernery, Emily A. Radford, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before SILER and ROGERS, Circuit Judges; and FORESTER, District Judge.*

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

## ORDER

Abdauahmane Mody, a native and citizen of Mauritania, petitions for review of a decision of the Board of Immigration Appeals (BIA) that affirmed a decision of an Immigration Judge (IJ) to deny Mody's application for asylum and withholding of removal. The parties are represented by counsel and have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mody entered the United States without inspection in September 1996. The Immigration and Naturalization Service began removal proceedings in January 1998. Mody conceded removability and applied for asylum, withholding of removal, and voluntary departure. An IJ held a hearing on July 27, 1999. In his application and testimony, Mody stated that the Arab-run government of Mauritania targeted him because he is black. He said that he was arrested in 1991, imprisoned for five years, and beaten repeatedly. Mody was released in 1996 but remained under house arrest. He escaped, fled to Senegal, and then traveled to the United States. The IJ found that Mody was not credible, and that even if his testimony were accepted, conditions in Mauritania had changed to the extent that Mody could return there safely. The BIA affirmed the IJ's decision without opinion, and Mody filed a timely petition for review.

In his petition for review, Mody argues that: (1) the BIA erred when it adopted the IJ's denial of Mody's asylum application on the basis of the IJ's adverse credibility determination which was not supported by substantial evidence; (2) the BIA erred when it adopted the IJ's failure to apply the correct legal standard to the determination of whether Mody had a reasonable fear of future persecution if returned to Mauritania; and (3) the BIA's use of summary affirmance without its own opinion was unlawful because it does not reflect that the BIA gave individualized consideration to Mody's appeal concerning the numerous and serious defects in the IJ's analysis of his appeal.

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The standard set out in § 1252 codifies the substantial evidence standard previously set forth by the Supreme Court in *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). *See Dia v. Ashcroft*, 353 F.3d 228, 247–49 (3d Cir.2003). Accordingly, this court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Elias–Zacarias*, 502 U.S. at 481, 112 S.Ct. 812; *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998). When the BIA affirms the IJ's decision without opinion, this court reviews the IJ's decision as the final administrative order. *Denko v. INS*, 351 F.3d 717, 730 (6th Cir.2003).

Upon review, we conclude that the petition for review must be denied. The IJ's finding that Mody was not credible is supported by substantial evidence. Mody amended his application to indicate that he had three children, and testified that they were living in Senegal with their mother and Mody's sister at the time of the hearing. When asked how he fathered a child born in 1994, when he was in prison, Mody said that he had been released for two days. His youngest child was born in 1996 in Senegal, and Mody stated that this child was conceived after his release from prison. Since he entered the United States in September 1996, this chronology is proble-

matic. Mody was also unable to explain why he did not tell an asylum officer about his 1991 arrest or why he told him he was first arrested in 1994. The record reflects that Mody did not testify clearly or consistently about the dates of his incarceration, and that was the heart of his asylum claim. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

The IJ also found that, even if Mody's testimony were taken as true, the State Department reports demonstrated that conditions had changed since Mody left. Mody's expert witness disagreed with this assessment but did not present any evidence in support of his opinion. Thus, even if it is assumed that Mody suffered persecution in the past because of his race, the government rebutted any presumption of a well-founded fear of future persecution by showing that conditions in Mauritania have changed to such an extent that Mody no longer has a well-founded fear of being persecuted upon return. *See Ouda v. INS,* 324 F.3d 445, 451 (6th Cir.2003).

Finally, because Mody did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of removal. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 431–32, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Mody's arguments on appeal are without merit. This court recently held that the BIA's practice of affirming the IJ's decision without issuing an opinion does not violate an alien's rights to due process. *Denko,* 351 F.3d at 730.

For the foregoing reasons, we deny the petition for review.